Judge Buckner
delivered the opinion of the Court.
Thomas Kennedy instituted his bill in chancery against David L. McKee and Jos. P. Letch- *702 to foreclose their equity of redemption to certain slaves mortgaged by them, to him. The mort-is dated 11th of April, 1826. The following extract from it will explain its object, “whereas the said Thomas Kennedy obtained a judgment at law, •against the said McKee and Letcher, at the September term of the Garrard circuit court, for the sum of $1712 25 cents, including interest, amounting to the sum of $ 1598 77 cents, being reduced to that by credits endorsed on the execution.
The condition was, “if the said David L. McKee, and Joseph P. Letcher, or either oflhcm should pay, and satisfy the above sum of §1698 77 cents, (with legal interest thereon from this date,) within one year from this date, then, &c.”
The mortgage is made a part of the bill which alleges the non-payment of the money, and concludes with the appropriate prayer.
The defendants answered jointly, and acknowledge the execution of the mortgage, for the purpose therein specified. They claim, however, a credit for $276 21 cents, in paper of the bank of the commonwealth of Kentucky, if they should be compelled to pay that kind of paper in discharge of the debt due to complainant, or for $138 10.1-2 in specie, if they should be allowed to discharge it in specie, with interest thereon, from the 2d of April, 1826, at which time it is charged to have been due, being for goods purchased by the complainant of said McKee, between the 10th of January, and the 3d of April, 1825, as per account filed.
They allege, that in the spring of 1823, the defendant, Letcher, bought tobacco of the complainant, for which he agreeed to pay in common wdalth’s bank notes. In the fall of 1823, McKee became indebted to co-defendant Letcher, for goods, to the amount of $823 20 cents in specie. It was afterwards agreed between them, that McKee as principal, and Letcher as security, should execute their note to the complainant for $ 1646 and 40 cents, being the amount due to him in commonwealth’s bank notes by Letcher. They accordingly did, in fall 1824, execute a note for that sum to complainant, payable in that kind of paper, it *703 -being then, as well as in 1823, when the tobacco was bought, at a depreciation of txvo for one.
They insist, that they arc not in justice bound to pay more than one half of the debt stated in the mortgage, subject to the credit claimed, that being the amount of its specie value. They make their answer a cross hill.
Kennedy in his answer to this, states that the ron» tract, out of which this suit originated, was for tobacco, sold by him to Letcher, for commonwealth’s paper;- and that the defendants had executed their note to him, for such paper, upon which he had instituted suit, recovered judgment, and issued execution thereon, and was about to have their property sold under it, when they prevailed on him to extend further indulgence, which he consented to do; and (hey executed the mortgage, to foreclose which, he had instituted his suit.
In relation to the account exhibited as a set-off, he says, “he expects he owes said Letcher an open account, the precise amount of which he does not know.” But insists that he is not bound to admit it as a credit, because it was the claim of McKee only, between whom and himself (here was a running account.
One deposition only was taken in the cause, and that establishes the fact, that between the 10th of January, 1825, and the 3d of April next thereafter, Kennedy had purchased of McKee, merchandise to the amount of $¡276, which had been charged in paper of the bank of the commonwealth.
The circuit cou»t upon a hearing of the cause, refused to allow said credit as claimed, or any part of it, upon the ground, that the two claims were based upon distinct transactions, and that there were no extraneous circumstances alleged, to make it a proper subject of set-off, in a court of chancery.
An interlocutory decree was entered against the plaintiffs in error, for §1598 and 77 cents in commonwealth’s paper with interest thereon, from the date of the mortgage until paid, and costs, and that in case of the failure to pay it, on or before a day named in tee decree, their right of redemption should be fore~ *704 closed, &c. which was afterwards confirmed by a final decree. To reverse whichj Letcher and McKee this writ of error, and assign the following errors. . . . <
1st. The original judgment was erroneous, be* cause it gave interest on a note for commonwealth’s paper, and because the debt being due before the act of 6th January, 1824, regulating endorsements, &c. that act cannot constitutionally authorise judgment for paper, and therefore, defendants, although they afterwards agreed in their mortgage to pay said judgment, can yet avoid the same for said error, us they could for usury, if it had been paid, and the court ought not, therefore, to have enforced the mortgage.
2d. Thé mortgage is for specie, although the judgment was for paper, and the court should have consi* dered itas usurious, and decreed the amount equitably due in specie.
3d. The set-off should have been decreed, because it is evident that the goods were sold and bought, in consequence of the debt due to Kennedy, and were intended as a partial payment of the sum contracted to be paid for the tobacco, which was due when the goods were bought.
4th. The judgment being erroneous, that error should have been regarded by the chancellor, because the mortgage, or even payment of the judgment, wouid not debar the plaintiff’in error from recovering in consequence thereof.
5th. Neither the usury of the mortgage, nor note, nor the illegal interest allowed by the judgment, is regarded by the decree.
The court had no right to decree paper on the lace of the mortgage, and in decreeing specie, should have allowed only, what was Conscientiously due 6r. the original consideration.”
Some of the errors relied upon, seem to have'beeu assigned, upon an assumption of facts, which, whether true or false-, is not established by the record. That for instance, in the first, is altogether unwarranted. It not only docs not appear, that thfe note on which *705 the judgment was recovered, was due before the passage of the statute of the 5th of January, 1824, regulating endorsements on executions; but we are bound to conclude, that it was executed after that period. It is so expressly alleged in the cross bill of the plaintiffs in terror, and is not denied by Kennedy. Nor does it appear certainly, that the judgment at law, was for commonwealth’s paper. That the jury allowed interest, is only probable. A transcript of the papers in the common law suit, was not made an exhibit in this cause, in the circuit court, and is not before us. The only light afforded on this part of the c3se, is that furnished by the allegation of the cross bill, and answer to it, and from the language of the mortgage. Whether the words, “including interest,” there used, mean that it was embraced in the judgment, or that the judgment was for a sum, which, with interest, (agreed upon afterit wasoblained) made the sum of $ 1712 25 cents, we are left to conjecture. The former is the most reasonable presumption.
_ ,. oanno^be rendered for coinm’th’s paper, on a note executed 5anuir i824.alJudg-monwenlth’s paper, under 1®^:> tiiejorinwjpo/ of the note *]¿sa by the tora» of the note, a'led on, it deman a-
If the note was executed in the fall of 1824, and was immediately due, interest thereon until September, 1825, at which time, we presume, the common law judgment was obtained, (for in the mortgage, it is said to have been rendered in September, but (be year is not stated,) would amount to more than $1712 25 cents. But if the note was payable a few months after date, $1646 20 cents, with interest, would have made the sum mentioned in the mortgage. This, however, is but the result of conjecture.
Had the common law papers been exhibited, they might have developed facts, having, perhaps, an important bearing on the decision now pronounced.
If it be true, as supposed, by the assignment oí errors, that the note on which the judgment was recovered, was executed previous to the 5th Januaty, 1824, according to the decisions of this court, in the cases of Feemster vs. Ringo, V. Monroe, 336; and of Duckham vs. Smith, I. Ibid. 375. The judgment could not have been entered for commonwealth’s notes. If it was rendered for such notes, on an obligation executed subsequent to the passage of tile act above referred to, it would have been lega!, if jusii- *706 ficd by the previous endorsement prescribed therein: but then no interest could have been properly included, unless by the terms of the written contract sued on, it was demandable. If it was en tened for specie, then it was evidently for too much. But the plaintiffs in error, do not, in their answer, allege that it was so entered. They did not complain that it was for too much, or that it was, in any respect illegal. Nothing was more easy and palpable, than would have been their remedy, by writ of error to reverse the judgment, if subject to the exceptions pointed out.
Court cannot judicially know the value of commonwealth's bank paper.
Under the circumstance,s of this case, therefore, we are bound to presume, as the contrary is not shewn, that the judgment was such as the law justified. We cannot judicially notice the point of depreciation, at which the notes of the commonwealth’s bank viere passing when the obligation sued on, became due; but we know that on a bond for $ 1646 40 cents, executed in the fall of 1824, payable in such paper, a judgment: could not have been correctly entered in September, 1825', for ,$1712 20 cents in specie. The mortgage was executed to secure (he payment of the judgment. The plaintiffs in error, acknowledge, that by the written contract, they were bound to paj-il) that description of paper It is probable, therefore, that the bond expressly demanded interest.
The decree of the circuit court was not, therefore, erroneous, in directing the sale of the mortgaged property to be made for bank paper. Kennedy has not complained of it; and the plaintiffs in error, cannot justly do so, because they are thereby held to a performance of that only, which they bound themselves, by contract to do.
But the circuit court erred in refusing to allow the credit claimed for $276. We do not intend to controvert the correctness of the principle laid down in the case of Beall vs. Squires and Sylliman, III. Mon. 375, which has been cited in argument. We deny the propriety of its application in this case.
The note (on which Kennedy obtained his judgment,) bearing date in the fall of 1824, and the goods having been sold and delivered during the spring next thereafter, it may well be presumed, particular- *707 iy, as each demand was for commonwealth’s paper, that the parties intended the amount of the account should be considered as a partial payment on the note.
Robertson, for plaintiffs; Anderson, for defendants.
Letcher and McKee are not complainants praying for the interposition of the chancellor, to allow them a set-off against a judgment at law; but they present themselves before the court, in the attitude o( defendants, insisting that Kennedy should comply with the dictates of equity, before he can with propriety demand the relief which he sought.
The decree of the circuit court must be reversed, and the cause remanded for further proceedings to be had, not inconsistent with this opinion.